IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL WAYNE ESTEP                                                         PLAINTIFF

vs.                              Civil No. 2:12-cv-02156

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michael Wayne Estep ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on June 5, 2009 (DIB) and January 14, 2011 (SSI).  (Tr. 26, 140-142).  Plaintiff alleges he is disabled due to back problems.  (Tr. 182).  Specifically, Plaintiff alleges the following limitations related to his back problems: "Pain in lower back constantly, trouble sleeping due to pain, couldn't relax, pain was making it hard for me to stand

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

and do my job." *Id.* Plaintiff alleges an onset date of February 6, 2009. (Tr. 26). These applications were denied initially and again upon reconsideration. (Tr. 82-83).

Thereafter, on June 4, 2010, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 92-115). Plaintiff's administrative hearing was held on November 16, 2010 in Clarksville, Arkansas. (Tr. 42-81). Plaintiff was present and was represented by counsel, Iva Gibbons, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 46). Plaintiff also testified he had completed the tenth grade in high school but did not obtain his GED. *Id.*

On June 13, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 23-35). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2013. (Tr. 28, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 6, 2009, his alleged onset date. (Tr. 28, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status post surgery; mood disorder, not otherwise specified; depressive disorder, not otherwise specified; antisocial personality traits; and methamphetamine dependence in early remission. (Tr. 28, Finding 3). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 28-30, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 30-33, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a limited range of light work. *Id.* Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs/ladders/ropes/scaffolds. From a mental standpoint, he is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

*Id.*

After evaluating his RFC, the ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 33-35, Finding 6). Based upon his RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as a poultry processing line worker. *Id.* Further, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. *Id.* The ALJ based this determination upon the testimony of the VE at the administrative hearing in this matter. (Tr. 34). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations with a "light" exertional level such as cafeteria attendant with 350 such jobs in Arkansas and 60,000 such jobs in the nation and a motel or hotel housekeeper with 1,800 such jobs in Arkansas and 200,000 such jobs in the nation. *Id.* The ALJ also determined Plaintiff could perform such "sedentary" jobs as a surveillance system monitor with 40 such jobs in Arkansas and 3,500 such jobs in the nation; escort vehicle driver with 175 such jobs in Arkansas and 23,000 such jobs in the nation; machine operator or tender with 250 such jobs in Arkansas and 19,000 such jobs in the nation; document preparer with 150 such jobs in Arkansas and

20,000 such jobs in the nation; and addresser with 60 such jobs in Arkansas and 20,000 such jobs in the nation. *Id.* Accordingly, because Plaintiff retained the capacity to perform his PRW and this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from February 6, 2009 through the date of his decision or through June 13, 2011. (Tr. 35, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 21-22). The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 12, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 3, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 1-20. Specifically, Plaintiff claims the following: (1) the ALJ failed to properly develop the evidence in the record; (2) the ALJ failed to consider evidence which fairly detracted from his findings; (3) the ALJ failed to apply the proper legal standard in conducting a credibility determination and in reviewing the physicians' opinions; (4) the ALJ improperly evaluated his RFC; and (5) the ALJ improperly determined he retained the capacity to perform his PRW. *Id.* Because the Court finds the ALJ erred in assessing his RFC and in assessing the limitations from his back pain, this Court will only address Plaintiff's fourth argument for reversal.

In his opinion, the ALJ found Plaintiff has had a history of severe back pain. (Tr. 31). The ALJ found Plaintiff sought to alleviate this back pain in the past and had even undergone back surgery. *Id.* The ALJ acknowledged the fact Plaintiff underwent back surgery " weighs somewhat in his favor." *Id.* It is also undisputed Plaintiff has had some issues with fully complying with his medication and treatment, and the ALJ recognized this fact in his opinion. (Tr. 31-32). However, there is no indication that such treatment would have substantially alleviated Plaintiff's pain such that he could perform light work on a regular and sustained basis, as the ALJ found. Indeed, on June 23, 2010, Plaintiff's physician Dr. Amir M. Qureshi, M.D. found Plaintiff's pain level even with his medication was still very high. (Tr. 448). He noted that without medication, his pain level was "10/10"; but with medication, it was still "8/10." *Id.*

In his decision, in determining Plaintiff's back pain could be controlled with treatment, the ALJ also relied very heavily upon a notation from Dr. Qureshi that the neural transmitter trial to treat

6

Plaintiff's back pain was successful, and it helped "pain in legs and back 90-100%." (Tr. 453). However, Dr. Qureshi did not provide any further detail regarding the potential pain relief provided by this neural transmitter or if it would enable Plaintiff to perform light work on a regular and sustained basis as the ALJ determined. *Id.*

Plaintiff's other medical records also indicate his back pain was more severe than the ALJ found it to be. On December 20, 2010, Plaintiff was examined by Dr. Ted Honghiran, M.D. during an orthopedic evaluation. (Tr. 32, 471-472). After examining Plaintiff, Dr. Honghiran found Plaintiff's "prognosis is poor," and he stated he believed Plaintiff's "pain will be with him for a long time." (Tr. 472). Dr. Honghiran also noted that Plaintiff only has a "10th grade education," and he advised Plaintiff "to go back to school." *Id.* He also stated that he did "not think he [Plaintiff] will be able to do labor work any longer." (Tr. 472).

In his opinion, the ALJ discounted Dr. Honghiran's findings because he found they were "inconsistent with the objective medical evidence and other evidence of record." (Tr. 33). Instead, it appears that the ALJ based his decision regarding Plaintiff's limitations almost entirely upon the findings of the non-examining state agency consultants: "The undersigned has considered and essentially concurs with the opinions of the state agency consultants who provided assessments at the initial and reconsideration levels and notes that they also support a finding of 'not disabled.'" *Id.* Indeed, there is no other evidence included in the record specifically addressing Plaintiff's functional limitations or work limitations.

Under the facts in the present action, the opinions of these non-examining, non-treating consulting physicians do not constitute substantial evidence supporting the ALJ's RFC determination. *See Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (citation omitted). This

is especially true since the other evidence in the record regarding Plaintiff's work limitations (including Dr. Honghiran's report) is inconsistent with these findings. *See id.* As such, it was improper for the ALJ to place so much emphasis on the opinions of these consultants. Accordingly, based upon this review of the evidence in this case supporting the ALJ's RFC determination, the Court finds the ALJ's decision is not supported by substantial evidence in the record and must be reversed and remanded.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE